## JONES *v.* STATE.

[84 South. 699, In Banc. No. 21287.]

POISONS. *Evidence insufficient to sustain conviction for poisoning food.*
Evidence in a prosecution on a charge of having put carbolic acid,
a poison, into the food of another, *held* insufficient to sustain a
conviction.

APPEAL from the circuit court of Grenada county.
HON. T. L. LAMB, Judge.

Allen Jones was convicted of having put poison in the
food of another, and he appeals. Reversed, and defend-
ant discharged.

*Jas. Stone* and *W. E. Stone,* for appellant.

*F. H. Lotterhos,* Assistant Attorney General, for the
State.

COOK, J., delivered the opinion of the court.

At the July, 1918, term of the circuit court, Grenada
county, appellant herein was convicted and sentenced on
the charge of having put poison in the food of one Jeff
Dumas. All parties are negroes. Jeff Dumas and the
appellant herein were working at the Planter's Hotel,
Grenada, Miss., during the year 1918. Jeff Dumas was
head porter and the appellant was bootblack at the said
hotel. All of the negro servants of the hotel ate their
meals in the kitchen after the white folks had been serv-
ed in the dining room. On the occasion in question the
record shows that all the parties in the present case
were in the kitchen eating supper, and the cook fixed
and put up for Jeff Dumas the supper which the said
Jeff Dumas was to eat at midnight that night. The rec-

ord shows that Jeff Dumas took his own supper from the hands of the cook, put it up in the warmer of the stove, pulled down all windows entering into the kitchen and locked them, locked all doors leading out of the kitchen, and was the last person to leave the kitchen that night. Among the negro servants present at supper was the appellant. The record shows that he had no access whatever to the kitchen or to the food of Jeff Dumas, except to go through the office by the night clerk on duty, who was a white man, and thence through the dining room to the kitchen. The record is completely silent as to whether or not appellant ever went back into the kitchen at all that night. The only disclosure in the record of any one going into the kitchen for any purpose whatsoever is the fact that Jeff Dumas went in there that night about twelve o'clock to eat his supper that he himself had put away as it was prepared for him by the cook. Upon eating his supper he discovered that his food had something on it which he claims was carbolic acid. There is testimony that if it was carbolic acid and if he had swallowed it it would have left scars in his mouth and would have killed him. The state charged and attempted to prove that carbolic acid was the poison used. The evidence is insufficient to prove the defendant's guilt. In fact the state failed to prove its case made by the indictment. The court should have directed a verdict of not guilty.

*Reversed, and defendant discharged.*